Common Pleas Court of Hamilton County.

SPENCE D. CHAPMAN V. PENNSYLVANIA RAILROAD CO. ET AL.

Decided April 21, 1933.

*Al. R. Hoffman*, for plaintiff.
*Maxwell & Ramsey*, for Pennsylvania Railroad Co.

SCHWAB, J.

This matter comes before the court upon the demurrer of the defendant, Pennsylvania Railroad Company, to the plaintiff's petition, on the ground that said petition does not state a cause of action.

The petition recites that the R. T. Belding Company, a corporation, entered into the performance of a contract with the Pennsylvania Railroad Company, for the construction of concrete bridges and trackage, known as Redbank "Y", Columbia township; that the plaintiff was employed and did work on said construction at the order of R. T. Belding Company, pursuant to said contract, and that the R. T. Belding Company is indebted to the plaintiff for work and labor thereon in the sum of fifty ($50.00) dollars.

The petition further recites that the last day upon which work was performed was February 9, 1933, and that on March 15, 1933, plaintiff filed with the recorder of the county, under the statute pertaining to liens, an affidavit containing a statement of the account, location and description of said construction, and that thereafter, on March 21, 1933, the plaintiff delivered a notice of the filing of said lien and a duplicate of said affidavit to the Pennsylvania Railroad Company.

Wherefore, he asks that his lien be foreclosed.

A number of other defendants who claimed to have an

interest by way of lien in the construction are made parties defendant.

In support of this demurrer the Pennsylvania Railroad Company, through its counsel, states that this action is filed under Sections 8343 and 8344, General Code, which provide specifically for liens against a railroad company, The court's attention is called to the fact that Section 8344, General Code, was orignally No. 3207, Revised Statutes, passed by the legislature in the year 1894, and held to be unconstitutional in the case of *Palmer* v. *Tingle*, 55 O. S. 423, and *Shaw* v. *Railroad*, 173, Fed. 746.

In the year 1912 the Constitution of Ohio was amended to provide as follows:

"Laws may be passed to secure to mechanics, artisans, laborers, sub-contractors and material men, their just dues by direct lien upon the property, upon which they have bestowed labor or for which they have furnished material. No other provision of the constitution shall impair or limit this power."

Sections 8343 and 8344, General Code, were not re-enacted following the amendment to the Constitution, and it is therefore the contention of counsel that at the present time there is no constitutional enactment providing for liens against a railroad company.

Section 8310, General Code, provides, among other things, as follows:

"Every person who does work or labor upon * * * any bridge or other structure * * * shall have a lien to secure the payment thereof upon such * * * bridge."

The allegations of the plaintiff's petition are to the effect that the work to be done under the contract between the railroad company and the R. T. Belding Company, upon which the plaintiff was employed and did work, was the construction of concrete bridges.

The lien which the plaintiff seeks to foreclose, in the opinion of the court, may be brought under Section 8310, General Code. Therefore, without passing upon the contention of counsel for the defendant as to Sections 8343 and 8344, General Code, the court is of the opinion that this petition is good as against demurrer. Accordingly the demurrer will be overruled.